■ In the Matter of the Claim of MARION BARDEN, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 152] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as an administrative assistant for a school custodian engineer, who also was her husband. When her husband was removed from his position, claimant failed to return to work because her husband informed her that when a custodian's secretary was also his wife, it was presumed that she left with him. Although she testified that she did not want to leave her job, she failed to inquire of her union as to whether she was required to leave her job. Inasmuch as claimant left her employment in anticipation of discharge (see *Matter of Miller [Commissioner of Labor]*, 296 AD2d 693 [2002]) and without contacting the union to pursue possible options to protect her employment (see *Matter of Giaffo [Sweeney]*, 235 AD2d 886 [1997]), substantial evidence supports the decision of the Unemployment Insurance Appeal Board denying claimant's application for unemployment insurance benefits on the ground that she voluntarily left her employment without good cause.

We also reject claimant's assertion that she was denied the right to present a witness. Claimant admitted in response to an inquiry from the Administrative Law Judge that her husband's testimony would not add anything different from her own. Claimant's remaining contention that the Administrative Law Judge did not understand her employment circumstances has been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.